## EARLEY v. JACKSON et al.

No. 7725. Decided April 22, 1952. (243 P. 2d 444.)

See 61 C. J. S., Motor Vehicles, sec. 456. Parking of vehicles without flares. 5 Am. Jur., Automobiles, sec. 337; 111 A. L. R. 1516.

*Stewart, Cannon & Hanson, Jensen & Snow, E. C. Jensen, Robert John Jensen, R. A. Burns,* and *J. Reed Tuft,* all of Salt Lake City, for appellant.

*Rich & Strong, Ben L. Rich,* and *Gordon R. Strong,* all of Salt Lake City, for respondent.

WADE, Justice.

This is an appeal from a judgment on a jury verdict awarding damages for personal injuries. Appellant contends that its motion for a judgment notwithstanding the verdict should have been granted because the evidence shows as a matter of law that respondent was guilty of contributory negligence which proximately caused the accident.

In the light most favorable to respondent, the record discloses that about 7 o'clock in the evening of April 3, 1950, which was a dark night but otherwise clear with good visibility, respondent left Laketown, Utah. He was driving in a westerly direction along Highway 3 in a truck belonging to his employer, a butcher, and containing offal which he intended to dispose of in a creek which crosses under that highway in a culvert running in a northerly-southerly direction. There is a drop of about six feet from the highway to the creek bed. Highway 3 is a hard-surfaced, through-stop highway leading from Laketown over Garden City, Utah to Montpelier, Idaho, and at the place in question runs in a general easterly-westerly direction. It is about 20 to 21 feet wide with three or four foot shoulders on each side. There are guard rails on either side of the shoulders near the culvert where the accident occurred. When respondent arrived at the creek, he parked by backing his truck so that its rear end protruded over the culvert with the rear wheels about two or three feet off the oiled portion, and the front of the truck, which was pointed in a slightly northwesterly direction, was about a foot from the center line of the highway, thus effectively blocking eastbound traffic from its proper lane on the south side of the highway. After parking, respondent turned off the ignition, but left the lights on, and went into the back of the truck to shovel the offal into the creek. He had just started to shovel when his attention was attracted to a truck coming at a great rate of speed from the west around a slight curve about a half mile away. He immediately jumped out of the bed of his truck and got into the seat to drive his truck out of the way of the oncoming truck but in his excitement couldn't start it. He thereupon jumped out of his truck and started running on the edge of the north lane toward the approaching truck, shouting and waving his arms. He had run about 100 or 140 feet west from where his truck was parked when he was hit by the approaching truck belonging to appellant and being driven by his agent, Mr. Muder. Respondent was hurtled into the creek and the

truck which struck him continued on in a skid northeast of the highway and came to rest in a slough about 25 or 30 feet east of the culvert on which respondent's truck was parked. There was evidence from tire tracks observed at the scene of the accident the next day that appellant's driver had applied the brakes on his truck about 146 feet before it came to a stop. These tire tracks indicated the car had traveled from the south lane diagonally across the north lane for about 114 feet when it got off the paved portion of the road and continued for about 30 feet on the shoulder until it went entirely off the road into the slough.

Mr. Muder testified that on the night of the accident he was traveling east towards Laketown on Highway 3 at about 45 to 50 miles per hour when, after rounding a slight curve about a half mile from the creek he was able to see headlights of cars parked in front of a pool hall in Laketown. When he was about 250 or 300 feet from the culvert, he became aware of a small light that seemed to be out in the middle of the highway and started to brake down gently when after traveling about 50 feet more he perceived that a truck was blocking his side of the road. He continued braking and reducing speed and started to swerve toward the north to avoid the truck, there being no immediate oncoming traffic from the opposite direction, and was in a position to pass that vehicle when a man suddenly loomed in his headlights about 30 to 50 feet away, with his arms raised and running toward him. As soon as he saw the man, he braked down hard and swerved to avoid hitting him but was unable to do so.

Respondent concedes that it was negligence to park the truck in the place and the manner it was parked and in running on the north side of the highway towards the speeding vehicle, but contends that it was a jury question as to whether this contributory negligence was the proximate cause of the accident or whether appellant's negligence was the sole proximate cause.

Respondent by blocking the lane to eastbound traffic made it mandatory for any such traffic which wished to pass by to go into the north lane. It was night time and dark, no flares were placed to warn oncoming traffic of the obstruction and the headlights which were left burning were turned slightly northwest so that the driver was not able to determine until he was within 250 or 300 feet of the parked truck that it was obstructing the entire lane of his side of the traffic. Respondent was aware that a speeding vehicle was approaching while it traveled a half mile, he was aware that in order to avoid a collision with his truck which he had parked on and blocked the south side of the highway that it would have to turn into the north traffic lane and that in doing so the driver's attention would be focused on safely avoiding the obstacle he had placed on the highway, yet he ran toward this speeding truck directly in the course he knew it would have to take to avoid a collision, and the driver of the truck was unable to see him in that position until it was too late to swerve around him onto the north shoulder of the highway and thereby avoid running him down. He was fully aware of the danger he had created of a collision with his truck and yet he placed himself in the very path where the approaching truck would have to travel to avoid such collision and ran toward the truck thereby giving the driver little time to avoid hitting him after his lights would reveal his presence, when he could have avoided all danger to himself by running on one of the shoulders of the highway where he knew passing vehicles would be unlikely to travel. It needs no citation of authority to show that plaintiff's negligence was a contributing proximate cause of his accident. His negligence which continued up to the very impact was the direct cause of the accident, and nothing intervened between it and his injury to make it only a remote cause thereof. In *Mingus* v. *Olsson*, 114 Utah 505, 201 P. 2d 495, 497, this court held that deceased was guilty of contributory negligence as a matter of law which precluded recovery because he had inattentively walked into

the course of an approaching vehicle. Here, respondent deliberately ran into the course of the oncoming vehicle. This constituted a greater degree of negligence and proximately caused the accident. The driver of appellant's car was confronted with an emergency of respondent's making and was in a worse position than respondent who knew of the danger at all times, to avoid the accident. The court, therefore erred in failing to grant appellant's motion for a judgment notwithstanding the verdict.

Reversed. Costs to appellant.

WOLFE, C. J., and McDONOUGH, CROCKETT and HENRIOD, JJ., concur.