276 P.2d 489

Ernest L. STALEY, Plaintiff and Respondent,

v.

W. C. GRANT, Defendant and Appellant.

No. 8190.

Supreme Court of Utah.

Nov. 10, 1954.

Horace C. Beck, Salt Lake City, for appellant.

F. Robert Bayle, Salt Lake City, for respondent.

PER CURIAM.

This is an Appeal from a judgment for plaintiff by the court, sitting without a jury, in a case arising out of a collision with the defendant. The collision occurred in an intersection. Plaintiff, proceeding south, had stopped for the traffic light behind another car. When the green light was in his favor, he followed a vehicle in front of him across the intersection and had reached a point just beyond the center line of the intersection when, as appears from the physical evidence, his car was struck by the car driven by the defendant. Visibility

was good, the street is 60 feet wide and both cars apparently traveled slowly, and the intersection was open and well lighted. Defendant said he had been proceeding west and had stopped behind a taxi waiting for the light to change. He said that when the light turned green in his favor, he followed the taxi into the intersection, but before he could follow the taxi in the execution of a left turn going south the traffic coming from the west prevented his making the turn and stranded him in the intersection near the traffic light. The defendant also stated that when the traffic cleared he continued through the turn and was struck by plaintiff's southbound car. He asserts that the fact that the defendant was in the position he found himself in the intersection under the traffic light, would make it impossible for reasonable minds to differ as to plaintiff's ability to see him had the latter kept a careful lookout. The difficulty with such claim is that it recounts and looks at the evidence in a light most favorable to defendant to the exclusion of other evidence. We believe there is substantial evidence that reasonably can sustain the trial court's finding. There was testimony of an eyewitness seated in a vehicle situated directly behind plaintiff's car, to the effect that he had seen defendant stopped to the left but not yet in the inter-section, and that defendant started up just as the light turned green for plaintiff's lane of traffic, and hence red for defendant's traffic lane, and that after defendant entered the intersection his car struck plaintiff's car during the execution of defendant's left turn, and the fact that defendant struck the plaintiff's car, rather than plaintiff striking defendant's car, as defendant alleged, reasonably could be inferred from the fact that plaintiff's car was not only struck in the middle and defendant's front right fender was damaged, but that skid marks showed that plaintiff's car had been pushed sideways and to the right a considerable distance, as the result of an impact of considerable force. Furthermore, plaintiff testified that he surveyed the whole intersection and the intersection was clear when the light turned green, and he started through, which would square with the eyewitness' testimony that defendant was then stopped without the intersection.

From such facts we cannot say the evidence was such as to require us to depart from our stated principles that on conflicting matters the evidence is to be viewed in a light most favorable to the party for whom judgment was entered, and when so viewed, if there is evidence supporting the judgment, will not be disturbed.[1] Although we recognize the merit of the argument pre-

1. Gibbs v. Blue Cab, Inc., Utah, 249 P.2d 213, affirmed Utah, 259 P.2d 294; North v. Cartwright, Utah, 229 P.2d 871; Staton v. Western Macaroni Mfg. Co., 52 Utah 426, 174 P. 821.

sented by defendant's counsel to the effect that cases involving intersection collisions are far from being in harmony, we are unwilling to say that here, where there is considerable conflict in the evidence, including some that would indicate there was nothing to see at a time when a collision could be avoided, he is correct in insisting that plaintiff as a matter of law, must have been contributorily negligent for looking and not seeing that which was there to see, and in failing to use reasonable care in avoiding the accident.

It would appear that this case is decidable without any question of or discussion about "most favored driver" or "presumptions" which counsel urges erroneously were given as reasons in deciding cases which he believes are bad precedents. The trial court did not base its decision, so far as the record discloses, upon any such basis, and we cannot indulge in the assumption, as counsel apparently has, that the court did so decide. There are facts here, which if believed by the trial court, would make it appear that the plaintiff did look and saw nothing, and as we stated above, that there was nothing to see until such time as a collision was inevitable or at least unavoidable.

The decision is affirmed. Costs to respondent.

CROCKETT, J., concurs in the result.