294 P.2d 788

**Teddy B. COVINGTON, by his Guardian ad litem, Mrs. J. B. Covington, Plaintiff and Appellant,**

v.

**Mont C. CARPENTER, Defendant and Respondent.**

No. 8386.

Supreme Court of Utah.
March 8, 1956.

McCullough, Boyce & McCullough, Salt Lake City, for appellant.

Gordon R. Strong, Salt Lake City, for respondent.

LEWIS, District Judge.

Appellant seeks to recover damages for personal injuries suffered as a result of a motorcycle-automobile collision occurring in Salt Lake City. At the conclusion of plaintiff's case the trial court, upon motion, directed a verdict of no cause of action against appellant, holding appellant, as a matter of law, to be guilty of contributory negligence proximately contributing to

cause his injuries. From the judgment entered upon such ruling this appeal is taken.

■ A review of the evidence most favorable to appellant [1] indicates that he was operating a motorcycle from east to west on 9th South in Salt Lake City when a collision occurred with an automobile driven by respondent. The point of impact was 137 feet west of the west curb line (extended) of the intersection at 9th South and 3rd East Streets. Ninth South has two 10-foot lanes reserved for westbound traffic, and 8-foot curbside parking lane, and in the immediate area of the collision a 19-foot additional cut-back parking area bordering the north side of the street proper. According to appellant's own testimony he was operating his motorcycle in the inside lane at a speed of about 25 miles per hour when he first observed respondent backing his vehicle into and upon the highway from the cut-back parking area. A distance of 130 feet separated the two vehicles at that time and appellant described respondent's method of backing as being "moderate." There was no other traffic in front or in the rear of appellant traveling either direction. The highway was dry and straight, and visibility was excellent. Appellant summed up the factual situation and his reaction to it in the following testimony:

"Q. The only thing that could possibly enter into your path or cause you any concern when you were up by the west crosswalk of 3rd East Street was this automobile that was backing out into the street, isn't that correct? A. That is correct.

"Q. And yet you took your eyes from that automobile for awhile, didn't you? A. Yes, sir.

"Q. And looked to the rear? A. Yes, sir.

"Q. And is that the only place that you ever looked, is to the rear? A. As I recall, yes.

"Q. Did you intend to change lanes or something? A. No, sir. I was just checking traffic.

"Q. I see. Just checking. A. As a precaution.

"Q. Just checking traffic to your rear. A. Yes, sir.

"Q. Now isn't it true, Mr. Covington, that you only saw this backing vehicle actually twice? A. Yes, sir.

"Q. The first time when you were up there in the middle of the west crosswalk at the intersection of 3rd East. A. Yes, sir.

"Q. And then you didn't see it again until you were within about 10 to 15 feet of it? A. Yes, sir.

1. "On appeal from a directed verdict, it is fundamental that we review the evidence in the light most favorable to the losing party." Hewitt v. General Tire & Rubber Co., 3 Utah 2d 354, 284 P.2d 471, 472.

"Q. And during that time you would have traveled approximately 120 to 125 feet, wouldn't you? A. Yes, sir.

"Q. And the only place that your attention was directed during that 120 to 125 feet was the rear. A. Yes, sir."

When appellant saw respondent's automobile for the second time it had backed across the parking lane, the center lane, and was about three feet into the inside lane and directly in appellant's path. Appellant turned abruptly to the left but struck the left rear fender of the automobile with his leg, throwing him violently to the pavement, and he suffered the injuries complained of.

■ Rarely do two motor vehicles collide without a claim and counterclaim by the drivers that failure to keep a proper lookout has at least contributed to cause the misfortune. As a consequence this court has many times considered the duty of a driver to keep such lookout under varying circumstances and conditions.[2] Modern traffic complexities make it impossible to lay down by judicial rule what

will always be, or fail to be, reasonable care in the operation of motor vehicles. The duty to keep a proper lookout is manifest but the obedience to or violation of that duty must be determined according to particular circumstance and in full accord with the constantly varying exigencies occasioning each accident. As to what constitutes a proper lookout is usually, therefore, a latter-day classic question for jury determination, and each trial and appellate court must determine the question as a matter of law only when convinced that reasonable persons could not disagree upon the question when conscientiously applying fact to law.[3]

The instant case is somewhat unusual, not from the complexity of circumstance but rather from the lack of it. Appellant as he approached the point of ultimate impact was not faced with the duty of multiple appraisement as is a driver crossing an intersection, or driving in heavy traffic. Nor was there a sudden diversion of an unexpected nature, nor even a road hazard of any kind. Respondent did not contribute to the final danger with a sudden burst of negligence, but by a "moderate" but continuous course of conduct in backing across

2. Mingus v. Olsson, 114 Utah 505, 201 P. 2d 495; Conklin v. Walsh, 113 Utah 276, 193 P.2d 437; Coombs v. Parry, 2 Utah 2d 381, 275 P.2d 680; Staely v. Grant, 2 Utah 2d 421, 276 P.2d 489; Bates v. Burns, 3 Utah 2d 180, 281 P.2d 209; Martin v. Stevens, Utah, 243 P.2d 747; Beckstrom v. Williams, 3 Utah 2d 210, 282 P.2d 309.

3. "Before the issue of contributory negligence may be taken from the jury, the defendant's burden of proving both (a) that plaintiff was guilty of contributory negligence, and (b) that such negligence proximately contributed to cause his own injury, must be met, and established with such certainty that reasonable minds could not find to the contrary." Martin v. Stevens, Utah, 243 P.2d 747, 749.

the highway. The single potential hazard facing appellant was respondent's vehicle. Ordinary care for his own safety required appellant to direct his primary attention to that object. This appellant did not do, but on the contrary, diverted his attention directly away from the hazard and to the rear. Unless contemplating a change of course, which appellant was not, or a reduction of speed, which appellant was not, ordinary care does not usually require an appraisement of rear traffic. Certain it is that the duty to look ahead in the instant case dictated a far more prudent course and constituted his paramount duty.[4] Appellant's actions in looking to the rear and in so doing failing to watch the only potential hazard upon the road clearly constitutes negligence as a matter of law.

A careful reading of the record indicates that appellant when he saw respondent's vehicle for the second time and in close proximity did everything possible to avoid the collision. He then acted quickly and skillfully but too late. Having contributed in creating the emergency by his own lack of due care the rule of sudden emergency has no application to appellant's cause.[5]

We are of the opinion appellant was guilty of negligence as a matter of law and the trial court correctly ruled in this regard. The judgment is affirmed. Costs to respondent.

McDONOUGH, C. J., and CROCKETT, WADE and WORTHEN, JJ., concur.

HENRIOD, J., being disqualified, does not participate herein.

---

4. "In the instant case there was but one demand upon plaintiff's attention. There is no room for a reasonable difference of opinion as to where her attention should have been concentrated." Smith v. Bennett, 1 Utah 2d 224, 265 P.2d 401, 404.

5. "Where the plaintiff creates the peril by his own fault, he may not thereafter urge the sudden emergency doctrine to protect himself from a charge of contributory negligence." Gittens v. Lundberg, 3 Utah 2d 392, 284 P.2d 1115, 1117.