304 P.2d 375

Leara Ann DEVEREAUX, Plaintiff and Appellant,

v.

GENERAL ELECTRIC COMPANY, a corporation and Harold J. McKeever, Defendants and Respondents.

No. 8472.

Supreme Court of Utah.

Dec. 10, 1956.

Rawlings, Wallace, Roberts & Black, Salt Lake City, Don M. Dalton, American Fork, for appellant.

Leonard W. Elton, Salt Lake City, for respondents.

WADE, Justice.

This is an appeal from a judgment of no cause of action notwithstanding a verdict in favor of Leara Ann Devereaux, plaintiff below and appellant herein. Appellant brought this action to recover for personal injuries sustained by her in an automobile collision between her car and one driven by Harold J. McKeever, an employee of the General Electric Company, defendants and respondents herein.

The uncontroverted facts are that somewhere between 75 and 400 feet from the crest of a rise on the north slope of Linden Hill in Utah County at about 10 p. m. appellant, who was traveling north, stopped a highway patrolman and requested his assistance in a domestic matter which, if given, would require them to return south. He agreed and it became necessary to make a U-turn. To warn motorists, the officer started operating the red flasher on the top of his car. He cautioned appellant to be careful and told her to follow him. In conformance with the officer's instructions appellant, after turning on a mechanical signaling device warning that she was turning to the left, was attempting to make a U-turn in the wake of his car at a time when he had stopped both north and southbound traffic. The officer's car had just crossed the highway and turned south into the westernmost lane when he heard the crash out of which this case arose. Appellant's car was struck in the rear just as it entered the east center lane by respondent, McKeever, who was coming from the south traveling between 50 and 60 miles per hour, and concededly negligent so far as this appeal is concerned. He clipped the rear fender of a car which had stopped to permit the officer to pass and then hit appellant's car, injuring her. Appellant testified that before she commenced the U-turn, she looked both to the north and south and did not recall seeing any automobiles. Appellant's failure to see the stopped cars undoubtedly was negligence. The question to be determined, however, is whether her negligence proximately contributed to causing her injuries.

Appellant testified that she looked but did not recall seeing any north or southbound cars on the highway as she entered it to make the U-turn, but the evidence is uncontroverted that at that time there were both northbound and southbound cars which had been stopped by the patrol car's signal while he made the U-turn. So she either did not look or failed to observe what was there to be seen before she entered the highway to make the U-turn and in that respect she was negligent as a matter of law. However, this does not mean that such negligence was a contributing proximate cause of the accident. The jury could reasonably find from the evidence that the driver of a car approaching from the south would have a clear view of the place where the accident occurred

when he was as far as 400 feet away. Even if she had seen the north and southbound cars which were stopped to allow her to make a U-turn and she had also seen the McKeever car approaching from the south in the east center lane directly behind a northbound car which was stopped to allow her to make the turn, still the jury could reasonably find that she used due care in starting to make the turn as she did. The police car had just made a similar U-turn ahead of her after stopping traffic from both directions by signaling his intentions with the red flasher light on top of his car, and before she started she signaled a left hand turn on the mechanical signaling device on her car. Both southbound and northbound cars were stopped in the highway to allow her to make the turn, and the McKeever car was approaching from the south in the same lane and directly behind one of these stopped cars. This situation definitely suggests that the driver of the McKeever car would have ample warning that she was making the U-turn in time to stop or slow down sufficiently to allow her to make the turn in safety. Under these facts it would be reasonable to find that her negligence in failing to observe the traffic on the highway was neither a contributing nor proximate cause of the accident, for even though she had observed all of the existing conditions she was not necessarily negligent in proceeding into the highway as she did.

Thus it was a jury question whether her negligent failure to observe the approach of the McKeever car and the cars stopped in the highway was a contributing proximate cause of the accident, and if not, such negligence would not preclude her recovery. Coombs v. Perry, 2 Utah 2d 381, 275 P.2d 680; Lowder v. Holley, 120 Utah 231, 233 P.2d 350; Bates v. Burns, 3 Utah 2d 180, 281 P.2d 209. The cases cited in the dissenting opinion are obviously so different in the factual situation presented that they have no bearing on the problem here presented. The court therefore erred in granting a judgment of no cause for action notwithstanding the jury's verdict.

Reversed with instructions to reinstate the judgment entered on the verdict by the jury, except the portion applicable to the special damages. As to that portion of the judgment the trial court's diminution is sustained. Costs to appellant.

McDONOUGH, C. J., and CROCKETT, J., concur.

WORTHEN, J., dissents.

HENRIOD, Justice.

I dissent. At the outset, let it be remembered that *all of the material facts and any contradictions therein were established by plaintiff's own witnesses.* No

witness called by plaintiff was treated as an adverse witness under our rules, so that it would appear that upon reviewing this case, we should examine the record in the light of plaintiff's evidence which is least favorable to her. Her own witnesses testified variously that the accident occurred either 75 feet or 400 feet from the crest of a hill, or some distance in between these two figures. Her own witness testified that from the point of the accident, one could not see beyond the crest of the hill. If we take the distance as being 75 feet from the crest of the hill, it is pretty obvious that Section 41–6–67, U.C.A.1953 was violated, since that section provides that "No vehicle shall be turned so as to proceed in the opposite direction * * * near the crest of a grade, where such vehicle cannot be seen by the driver of any other vehicle approaching from either direction within 500 feet." I am convinced that on this review the plaintiff should be charged with the testimony placing the point of impact at 75 feet from the crest of the hill. However, taking the testimony of plaintiff's witnesses to the effect that it may have been 400 feet from the crest, another witness for plaintiff testified without contradiction that from the point of impact a person could not see over the crest of the hill, so that Section 41–6–67 would have been violated even if plaintiff were given the benefit of the doubt with respect to the distance that the collision took place from the crest of the hill. It seems quite unreasonable to conclude that plaintiff would have suffered injury whether she violated this statute or not, since the statute obviously is designed to prevent exactly what happened in this case, and any other conclusion, in my opinion, would be unreasonable and would be arrived at by a jury to which the question was submitted by way of nothing but conjecture.

The trial court should be affirmed for other reasons. The plaintiff testified without any hesitation whatsoever, that *she saw no cars at all anywhere,*—either parked or in motion,—and *by her own witnesses* it was established that there was a northbound car stopped in the highway within feet of her, that there were southbound cars stopped on the other side of the highway within yards of her, and there was a northbound car in motion which struck her. This car in motion was there to be seen, as were the parked cars, if plaintiff had but looked, since she admitted that she saw its headlights a moment before the impact. This negligent failure to pay attention to what was around her, happened on a transcontinental, multi-lane, highly travelled highway, on the grade of a hill within a distance where the statute prohibited a U-turn. Under fact of other cases which were as little or less impressive, this court has held that there could be no recovery because the injured party was

guilty of contributory negligence as a matter of law,[1] and therefore it is difficult for this writer to determine how Mr. Justice WADE arrives at the conclusion he does in the instant case.

It appears that the main opinion lays down a principle that is dangerous, to-wit: That irrespective of the establishment of negligence on the part of the plaintiff, the case nevertheless must go to the jury on the question as to whether such negligence was a proximate cause of the injury. If a person may make a U-turn below the crest of a hill in direct violation of a statute prohibiting it, without bothering to look, admitting that he sees nothing around him when he, through his own witnesses establishes without contradiction that there were vehicles all round him, and then demand the right to have his case submitted to a jury on the question of proximate cause, my heart bleeds for a defendant. In such event a losing defendant more justifiably should be heard to complain that he did not get a *fair* trial than that the plaintiff should complain of not having a *jury* trial. Facile it is to say that proximate cause is for the jury. True, proximate cause *generally* is for the jury, but not *always*. It is *never* for the jury where it is obvious that but for a failure to look and see what is there to see, the accident would not have happened. It is unrealistic in this case to say that if plaintiff had *not* been negligent, as admittedly she *had been,* defendant *might* have hit her anyway, and that irrespective of the cold facts we *must* appeal to the omniscience (or possible caprice) of the jury to arrive at a mythical conclusion quite irreconcilable with the reasonably apparent inevitable.

It is suggested respectfully that the conclusion of Mr. Justice WADE in the main opinion is not in harmony with some of his own previous pronouncements. In Mingus v. Olsson, supra, a case strikingly similar to the instant case, a man and wife, without looking for oncoming traffic, walked in front of a car. Except for the fact that a pedestrian was involved there, and a motorist here, the cases seem to be almost identical insofar as negligence and causation are concerned. It was said there in a decision disallowing recovery because contributory negligence barred it as a matter of law, that "On this evidence, it must be said as a matter of law that deceased either failed to look, or having looked, failed to see what he should have seen." [114 Utah 505, 201 P.2d 498] Mr. Justice WADE, in concurring with such language, had this to say: "If he

1. Cederloff v. Whited, 110 Utah 45, 169 P.2d 777; Mingus v. Olsson, 114 Utah 505, 201 P.2d 495; Cox v. Thompson, Utah, 254 P.2d 1047; Wilkinson v. Oregon S. L. R. Co., 35 Utah 110, 99 P. 466; Benson v. D. R. G. W. Ry., 4 Utah 2d 38, 286 P.2d 790.

looked and inattentively failed to see the approaching car or absentmindedly failed to realize his danger, or he realized his danger but still continued on into the course of the car, he would be in the same situation as to contributory negligence as though he failed to look at all." Apply the quoted language of Mr. Justice WADE in that case to the facts of this case, and it becomes difficult to determine how two such strikingly similar cases could arrive at such diametrically opposed results and both be approved by the same author.

Mr. Justice WADE'S decision here also seems unexplainable to the light of Cederloff v. Whited, supra, a case which he himself authored. In that case a southbound defendant turned into the path of a northbound plaintiff, and Mr. Justice WADE had this to say: "The defendant's testimony that he looked but did not see any car coming does not help his situation, because if he had paid attention to what was there to be seen he would have seen plaintiff's car coming, as it was approaching in the immediate vicinity." [110 Utah 45, 169 P.2d 778]

Mr. Justice WADE also concurred in Cox v. Thompson, where a pedestrian walked in front of an oncoming vehicle after paying no attention to the traffic about him. We said in that case that "Crossing a highway at a point where there was no marked cross walk, decedent was duty bound to yield the right of way to a vehicle upon the roadway. See 41–6–79 Utah Code Annotated 1953. This he failed to do. He, in addition, apparently failed to look, or having looked failed to see what he should have seen and paid heed to it. He said nothing and did nothing which indicated he was in any way aware of the danger presented. Decedent was properly found negligent as a matter of law. See Mingus v. Olsson supra." [254 P.2d 1051] It seems to me that Mr. Justice WADE'S conclusion here is a departure from his concurrence there and in the other cases mentioned. In every one of these cases it could have been said, as Mr. Justice WADE says here, that irrespective of the fact that appellant admittedly was negligent, the question whether such negligence was a proximate cause of the injury still must be determined by the jury, but in not one of those cases did we have any difficulty determining that the negligence was *a* proximate cause of the injury *as a matter of law.*

I am convinced that the main opinion simply confuses, and ignores a line of cases that we have decided, applicable to one of the few areas of our automobile collision law where there is at least some degree of clarity.

The judgment of the trial court should be affirmed.