519 P.2d 881

**Helen B. WISCOMB, Plaintiff and Respondent,**

v.

**Robert Nathan COLE and M. Duane Butler, Defendants and Appellants.**

**No. 13329.**

Supreme Court of Utah.

Jan. 29, 1974.

---

L. L. Summerhays, Strong & Hanni, Salt Lake City, for defendants and appellants.

Robert F. Orton, Nielson, Conder, Hansen & Henriod, Salt Lake City, for plaintiff and respondent.

CALLISTER, Chief Justice:

Plaintiff initiated this action to recover damages for the personal injuries she sustained when she lost control of her automobile as she swerved to avoid a ladder which had fallen from defendants' pickup truck onto the freeway in Salt Lake City. Plaintiff was awarded judgment on a jury verdict in the sum of $35,000 general damages and $2,841.27 special damages. Defendants appeal therefrom and seek an order granting a new trial on the ground

that the trial court committed prejudicial error in its instructions to the jury.

Plaintiff was driving in a westerly direction on Interstate 80 on a sunny winter afternoon. She was traveling in the vicinity where the highway gradually ascends to a flat bridge which crosses over Seventh East; no one was able to recall the exact location of the ladder at the time plaintiff turned to avoid colliding with it. Defendant Cole, agent of the owner of the truck, defendant Butler, observed in his rear vision mirror the ladder flying through the air as he drove along the freeway. Mr. Cole used the next exit and returned approximately five minutes later to retrieve the ladder, which he found a few feet to the east end of the bridge.

Plaintiff testified that as she remembered she was traveling in the right lane, when suddenly she became aware of the ladder across her lane, and she swerved to avoid hitting it. Her car appeared to rock back and forth and she experienced difficulty holding onto the steering wheel. Ultimately, she crashed into the left side of the abutment towards the westerly end of the bridge. Plaintiff did not recall whether she hit the ladder, but it had marks indicating that it had been struck by a vehicle.

Witness Kitchen testified that he was following plaintiff's car when he observed her make a fast left turn, and at the time he reached the same area he saw the ladder and had to turn out sharply to miss it. He estimated that he was within 20 to 50 feet of the ladder before he saw it. Another motorist, Mr. Dahn, testified that he was following plaintiff at approximately 50 to 75 yards; he saw her swerve, veer to the left, and collide with the bridge abutment. The witness was of the opinion that he was approximately 25 to 30 yards from the ladder when he first observed it.

Defendants pleaded that plaintiff was contributorily negligent in that she failed to keep a proper lookout and that she failed to maintain reasonable control of her vehicle. On appeal defendants contend that the trial court erred in giving Instruction No. 19 and in refusing to give defendants requested Instructions Nos. 6 and 7.

Requested Instruction No. 6, provided:

You are instructed that it is the duty of one in charge of an automobile driving upon a public street or highway to look ahead and see whatever there may be in the line of her vision which should affect the use of said highway and in the case of accident she will be conclusively presumed to have seen what she could or should have seen in the proper performance of such duty. If you find from a preponderance of the evidence in this case that the plaintiff failed to keep a proper lookout, as defined in this instruction, then she was guilty of negligence.

Defendants' requested Instruction No. 7 provided:

You are instructed that there was a duty on the part of the plaintiff to keep her vehicle under reasonable control so as to avoid an accident. A driver has no right to assume that the road is clear, but is required to be vigilant and to keep a proper lookout for other vehicles or objects upon the highway which would constitute a hazard to one's passage. The test of control is the ability to stop, slow down or turn out quickly and easily. When this result is not accomplished the inference can readily be made that the vehicle was running too fast or that proper effort to control it was not made. If you find from a preponderance of the evidence the plaintiff did not have her vehicle under proper control, then and in that event you are instructed that the plaintiff would be negligent, and if such negligence was a proximate cause of the accident, then the plaintiff could not recover upon her complaint.

■ In Durrant v. Pelton[1] this court held that it constituted prejudicial error to give an instruction which was substantially similar to defendants' requested Instruction No. 7 in the instant case. This court explained that there had been a departure from the traditional ruling that as a matter of law a motorist must keep his vehicle always under control so as to avoid an accident. The issue of what constitutes a proper lookout is usually a question for the jury, since under some circumstances a reasonably prudent driver cannot avoid an accident. The jury should determine what a reasonable and prudent person would do under the conditions as they existed at the time of the accident.[2]

■ The trial court properly refused the requested instructions which in effect would have foreclosed consideration by the jury of the reasonableness of the conduct of the plaintiff under the facts and circumstances of the case.[3]

Instruction No. 19, which was given by the trial court, provided:

The law imposes upon the driver of any vehicle using a public highway the duty to exercise ordinary care to avoid causing an accident from which injury might result. The driver's duty requires her to be vigilant at all times, keeping a lookout for traffic and other conditions reasonably to be anticipated; and to keep the vehicle under such control, that to avoid a collision with any person or with any other object, she can stop, slow down, or turn as quickly as might be re-

---

1. 16 Utah 2d 7, 394 P.2d 879 (1964).

2. Also see Federated Milk Producer's Ass'n v. Statewide Plumbing and Heating Co., 11 Utah 2d 295, 358 P.2d 348 (1961); Fretz v. Anderson, 5 Utah 2d 290, 300 P.2d 642 (1956).

3. Carroll v. State Road Commission, 27 Utah 2d 384, 390, 496 P.2d 888 (1972).

quired of her by conditions that would be anticipated by an ordinary prudent driver in like position.

If you find that plaintiff failed to observe the care or duties mentioned above, then she would be contributorily negligent.

■ Defendants contend that Instruction 19 was not in accordance with the case law, which does not require that an obstacle must reasonably be anticipated before a driver is charged with the duty to see it. Defendants claim that the instruction makes anticipation of an obstruction or obstacle in the highway a prerequisite to contributory negligence.

Defendants' undue emphasis of one aspect of the instruction creates a distortion. In Wardell v. Jerman [4] this court stated that a motorist had a duty of maintaining a proper lookout for other traffic and hazards reasonably to be anticipated on the highway and of keeping one's car under proper control. Instruction 19 incorporated this concept within its language and was not erroneous. [5]

Defendants further urge that the trial court erred in giving Instruction 13 on sudden emergency on the ground that the doctrine was not applicable to the instant fact situation. They assert that she was confronted with an emergency occasioned by her neglect to maintain a proper lookout and, therefore, she was not entitled to such an instruction.

■ A plaintiff, who contributes to creating the emergency by his own lack of due care, may not thereafter urge the sudden emergency doctrine. If under the state of the evidence the jury could have believed that plaintiff created his own peril, he is not entitled to the benefits of the sudden emergency doctrine. [6]

The peril which confronted plaintiff arose without fault on her part, and she was entitled to Instruction 13.

A review of the instructions in the instant action reveals that the jury was sufficiently advised of the issues that they were to determine, and there was nothing to indicate that the jury was confused or misled to the prejudice of the defendants; therefore, the refusal to give defendants' requested instructions cannot be the basis for reversal.

The judgment is affirmed. Costs are awarded to plaintiff.

HENRIOD, ELLETT, CROCKETT and TUCKETT, JJ.

4. 18 Utah 2d 359, 362, 423 P.2d 485 (1964).

5. Also see J.I.F.U., P. 73, § 21.1(A); "To use reasonable care to keep a look out for other vehicles (obstacles) or other conditions reasonably to be anticipated."

6. Gittens v. Lundberg, 3 Utah 2d 392, 396–397, 284 P.2d 1115 (1955); also see Covington v. Carpenter, 4 Utah 2d 378, 294 P.2d 788 (1956); Solt v. Godfrey, 25 Utah 2d 210, 479 P.2d 474 (1971).