## O'BRIEN v. ALSTON et al.

No. 3822.   Decided March 9, 1923.   (213 Pac. 791.)

1. HIGHWAYS—DRIVER OF AUTOMOBILE COLLIDING WITH BARRICADE ACROSS ROAD GUILTY OF CONTRIBUTORY NEGLIGENCE. In an action for damages to plaintiff's automobile, driven by her son, sustained in a collision with a barricade across a public highway, placed there by defendants, engaged in reconstructing the high-way, evidence *held* to show that plaintiff's son operated the au-tomobile without sufficient light to comply with Comp. Laws 1917, § 3976, or that, if the statute was complied with, he failed to keep a proper lookout, or drove at too high a rate of speed, and that therefore plaintiff was guilty of contributory negligence barring recovery.

2. HIGHWAYS—DRIVING AUTOMOBILE AT 27 MILES AN HOUR ON ROAD WITHDRAWN FROM TRAVEL HELD NEGLIGENCE AS MATTER OF LAW Driving an automobile at a speed of 27 miles an hour, while not negligence as a matter of law under ordinary circumstances, is negligence where the highway is withdrawn from travel and is barricaded, and where the night is dark and rainy, and the driver, knowing such fact, also knows that he has arrived at or near the point where the road is barred and withdrawn from travel.

3. HIGHWAYS—JURY'S FINDING OF FREEDOM FROM CONTRIBUTORY NEGLIGENCE HELD NOT CONCLUSIVE. In action for damages to plaintiff's automobile from a collision with a barricade across a highway, which was in process of reconstruction, that the jury had passed upon the question of contributory negligence and found for plaintiff was not conclusive, where plaintiff's own evidence disclosed that the acts and conduct of her son, the driver, for which she was responsible, were the proximate cause of the injury and damage complained of.

Appeal from District Court, Third District, Salt Lake County; *Ephraim Hanson,* Judge.

Action by Elizabeth J. O'Brien against C. M. Alston and another. Judgment for plaintiff, and defendants appeal.

REVERSED AND REMANDED, WITH DIRECTIONS.

*Morgan & Huffaker,* of Salt Lake City, for appellants.

*George Jay Gibson* and *Vere McCarthy,* both of Salt Lake City, for respondent.

FRICK, J.

The plaintiff recovered judgment against the defendants for damages to an automobile alleged to have been caused by the negligence of the defendants in placing a barricade across a public highway, which was being reconstructed by them under a contract with the state of Utah, and with which barricade the automobile in question came in collision while it was being operated on said highway. The defendants appeal from the judgment.

In view that the case turns upon the contributory negligence of the plaintiff and her chauffeur, as will hereinafter more fully appear, we pass by the question of defendants' negligence.

The evidence respecting the question of contributory negligence is clear, explicit, and without conflict or dispute. The evidence shows that the automobile in question was being driven by plaintiff's son, with her consent, on a public highway that was undergoing reconstruction by the defendants as contractors; that is, the contractors were constructing a concrete roadway, and in doing that a certain section of the highway was withdrawn from travel until such section should be completed, when travel would be resumed on that section, and another section would be withdrawn as aforesaid. The evidence also shows that barricades had been placed at the extreme ends of the section then under construction, and a detour roadway had been provided for passage.

The accident in question occurred in driving the automobile against the barricade. The automobile was thus overturned, which resulted in the damages here complained of. It is not necessary to say more about the barricades or the condition of the roadway, etc.

Our statute (Comp. Laws Utah 1917, § 3976), which re-

quires automobiles to be equipped with lights, so far as material here, provides:

"It shall likewise be equipped with at least two front lamps throwing strong white lights sufficient to reveal all persons, vehicles, or substantial objects for a distance of at least 150 feet in the direction such vehicle is proceeding," etc.

The plaintiff's son, who drove the automobile, quoting from the bill of exceptions, testified as follows:

"Q. I am going to read, Mr. O'Brien, from transcript, and I want you to tell me whether or not you testified as follows during the former trial of this case: 'Q. Now, in testifying this morning I understood you to say that you had something on the lights there that prevented them from shining ahead very far. What was that? A. Warner lenses. Q. Warner lenses. Just describe to the jury what you mean by Warner lenses. A. Well, it is—the idea of the lense is to throw the light down on the road instead of up into the pedestrians' faces and an on-coming car. It is to comply with the city and county ordinances. Q. Is that the reason you had it equipped that way? A. The car is equipped that way. Q. Yes, and that, of course, prevents it from throwing the light at any great distance ahead? A. Yes. Q. But, as you state, it makes a good light a short distance ahead? A. Yes, sir. Q. Now, for about what distance would it make a good light? A. Not over 75 feet; I don't think they will show that far. I haven't measured them since. Q. So, as the car was equipped at the time of the accident it would not—you could not see an object more than 75 feet? A. No. Q. Is that correct? A. Yes. Did you so testify on the former trial? A. Yes, sir. Q. And that is all correct? A. Yes, sir."

The effect of the foregoing evidence is clear and explicit that the lights on the automobile failed to measure up to the standard required by the statute. That, under our former decisions, constituted negligence per se, or as matter of law. Plaintiff's son, however, also testified that if the lights on the automobile had thrown a light 125 or 150 feet ahead of the car, he could have seen the barricade, and could have prevented the accident.

Under this state of the evidence defendants moved for a directed verdict upon the grounds that plaintiff's evidence disclosed contributory negligence as a matter of law, in that she failed to comply with the statutory provisions respecting the lights with which the automobile in question should have been equipped, and that her son was also guilty of neg-

ligence as a matter of law in operating the automobile at the time of the accident.

In order to meet defendants' objections the plaintiff was permitted to reopen her case, and, on being recalled, she testified in substance that, on the night of the day of the trial, and after the motion for a nonsuit had been interposed, she made tests to determine how far the lights with which the automobile in question was equipped on the evening of the accident would throw the light so as to disclose objects ahead of the car. She testified, "Well, a light-colored object, it [the light] would show about 200 feet;" that a dark-colored object would be disclosed at about 150 feet ahead of the car. She, however, also testified that the tests were made about two years after the accident, and that what she based her statements on was the fact that the lights on the automobile were the same ones that were on it at the time of the accident. She also admitted on cross-examination that the lights could be so adjusted as to throw a light a greater or a lesser distance ahead of the automobile, but said that she did not think that any change had occurred in the two years since the accident.

It is contended that the foregoing statements were sufficient to authorize the jury to find that plaintiff's automobile was equipped with proper lights, and that she was not guilty of contributory negligence as a matter of law in that respect. Is this contention sound? Plaintiff's son, who knew all about the lights, and who, and not the plaintiff, operated the automobile, not only once, but repeatedly, testified that the lights did not measure up to the standard required by the statute, and that if they had done so he could have seen the barricade across the roadway in time to have avoided the collision. If it is kept in mind that plaintiff's alleged tests were not made until two years after the accident, and that she did not disclose the circumstances under which they were made, nor give any information respecting the position of the automobile or the lights, which she said would disclose an object ahead of the car, her evidence is of no probative force or effect. She did not pretend to have any knowledge

respecting the condition of the lights at the time of the accident, while her son had positive knowledge respecting that condition, and in the most positive terms stated what that condition was. If, therefore, all that plaintiff said concerning the condition of the lights at the time of the trial, and about two years after the accident, is assumed to be literally true it, nevertheless, does not affect the correctness of the statements of her son respecting the condition of the lights on the night of the accident. There is therefore no substantial evidence which is in conflict with the son's statements that the lights on the night of the accident were in the condition described by him.

But entirely apart from any statutory requirements, the law requires that, if a person desires to operate his automobile on the public streets or highways after dark, he must see to it that it is equipped with proper, suitable, and sufficient lights, so that the operator may discover any objects or obstructions that may be encountered on the highway. The law in that regard is clearly and tersely stated in *Serfas* v. *Lehigh, etc., Ry. Co.*, 270 Pa. 306, 113 Atl. 370, 14 A. L. R. 791, where the court, in speaking of the duty of the operator of an automobile to have the same equipped with proper lights, said:

"* * * It is the duty of a chauffeur traveling by night to have such a headlight as will enable him to see in advance the face of the highway and to discover grade crossings, or other obstacles in his path, in time for his own safety, and to keep such control of his car as will enable him to stop and avoid obstructions that fall within his vision."

In the case of *Lauson* v. *Fond du Lac*, 141 Wis. 57, 123 N. W. 629, 25 L. R. A. (N. S.) 40, 135 Am. St. Rep. 30, the law is stated in the headnote as follows:

"Independent of any statute, it is negligence to run an automobile on a highway at night without sufficient lights to enable the driver to see objects ahead of him in time to avoid them."

According to the positive statements of the plaintiff's son, which were deliberately and repeatedly made under oath, the lights with which the automobile in question was equipped on the night of the accident were manifestly insufficient.

If it be assumed, however, that plaintiff's testimony in and of itself was sufficient to show that the lights of the automobile on the night of the accident were sufficient to disclose objects from 150 to 200 feet ahead of the advancing car, yet, under the undisputed evidence, the son was guilty of contributory negligence in driving the car, which prevents a recovery in this action.

In this connection it is important to keep in mind the undisputed facts disclosed by plaintiff's own evidence. The highway, as we have seen, was being reconstructed and was in no condition for travel, and hence was closed at the point where the accident occurred. This plaintiff's son knew, as he had passed over the highway when in that condition. The night on which the accident occurred was dark and somewhat rainy. Plaintiff's son, with some of his friends, was taking a pleasure trip over the highway in question to Provo. The son testified he knew the highway was being reconstructed, and that a portion of it had been withdrawn from travel, and knew that he had arrived at or near the point where the roadway was barred with the barricade; that just previous to or at the time of the accident he was operating the car at the rate of 27 miles per hour, and for the reason that the lights on the car did not disclose objects farther than 75 feet in advance of it he did not see the barricade in time to avoid the accident; that, if the lights had disclosed an obstruction or object for a distance of 150 feet ahead of the approaching automobile, he could have avoided the accident. If, therefore, we accept his statement that the lights were so defective as not to disclose an object which was more than 75 feet ahead of the car, then, as already pointed out, plaintiff cannot recover for that reason. If, upon the other hand, we shall assume that the lights were in the condition plaintiff insists they were, namely, that they would disclose objects from 150 to 200 feet ahead of the car, then it must conclusively follow that her son, the driver of the automobile, was negligent in not keeping a proper lookout for the barricade which he knew was barring the roadway, or that he was negligent in driving the

automobile at an unreasonably high rate of speed, or that he did not have it under control.

Whichever view we may take, therefore, whether it be deficient lights, or failure to keep a proper lookout, or careless or reckless driving, the result must still be the same, namely, that the plaintiff cannot recover in this action. It may be said that a speed of 27 miles an hour does not constitute negligence as a matter of law. That may be true under ordinary circumstances, but it is not true in this case and under the circumstances here disclosed. Here the highway was withdrawn from travel. It was barricaded. The night was dark and rainy, and the plaintiff's son, the driver of the automobile, in 'addition to knowing all of the foregoing facts, also knew that he had arrived at or near the point where the roadway was barred and withdrawn from travel. The usual presumptions respecting the passable condition of the highway can therefore be given no application here, but the plaintiff must be charged with all that the son knew, and must also bear the burden of his conduct      2 in driving the car on the night in question and under the conditions then existing, as hereinbefore stated. When, therefore, the law is applied to the undisputed facts, there is no difficulty in arriving at a just conclusion in this case.

In *Fisher* v. *O'Brien*, 99 Kan. 621, 162 Pac. 317, L. R. A. 1917F, 610, the law is stated thus:

"Independently of any statute it is negligence as a matter of law to drive an automobile along the highway on a dark night at such speed that it cannot be stopped within the distance that objects can be seen ahead of it."

In *Lauson* v. *Fond du Lac*, supra, it is said:

"The driver of an automobile who, while traveling on a dark, rainy night over a straight stretch of strange country road, drives his machine at such a rate of speed that he cannot bring it to a standstill within the distance that he can plainly see objects or obstructions ahead of him, is not exercising ordinary care."

In *West Const. Co.* v. *White*, 130 Tenn. 520, 172 S. W. 301, the law is stated in the following words:

"Where a person drives an automobile at night in a dark place so fast that he cannot stop or avoid an obstruction within the dis-

tance lighted by his lamps, he is guilty of contributory negligence."

The foregoing statement of the law was approved and followed in *Knoxville Ry. & Light Co.* v. *Vangilder*, 132 Tenn. 487, 178 S. W. 1117, L. R. A. 1916A, 1111, notwithstanding the fact that the testimony in the case was to the effect that the automobile there in question was driven only at the rate of from 12 to 14 miles per hour. The court in that case held that the driver of the automobile was guilty of contributory negligence as a matter of law in not avoiding the obstruction.

It is contended in the case at bar, however, that the jury passed upon this question, and have purged the plaintiff and her son of negligence. Where, as here, plaintiff's own evidence discloses that the acts and conduct of her son, for which she is responsible, were the proximate cause of the injury and damage complained of, neither court nor jury has a legal right to absolve her from the consequences of such conduct. To do that would be to permit one to recover damages which he himself has caused or could have prevented by the exercise of ordinary care and a compliance with the existing law. To permit a recovery under such circumstances amounts to the taking of property wrongfully from one person and giving it to another. That, the law does not tolerate, and no court or jury can rise above the law.

In view of the law and the undisputed evidence the judgment of the district court cannot be upheld. It is therefore reversed, and the cause remanded, with directions to that court to grant a new trial. Appellant to recover costs.

WEBER, C. J., and GIDEON and THURMAN, JJ., concur.

Owing to the fact that the term of office of Hon. E. E. CORFMAN, who was Chief Justice, expired after the submission of this cause and before the filing of the foregoing opinion, said Hon. E. E. CORFMAN no longer being a member of the court, his name is omitted.