## NIELSEN v. WATANABE.

No. 5602. Decided November 20, 1936. (62 P. [2d] 117.)

*Newell G. Daines*, of Logan, for appellant.

*William E. Davis*, of Brigham, for respondent.

ELIAS HANSEN, Chief Justice.

This appeal is prosecuted by plaintiff from a judgment dismissing her action because, after a general demurrer to her complaint was sustained, she refused to further amend. Error is assigned because the demurrer was sustained and because the action was dismissed.

Two causes of action are alleged in the complaint; one for personal injuries sustained by plaintiff, and the other for damages to the automobile. Plaintiff's demurrer to the complaint was for want of sufficient facts to state a cause of action.

It is in substance alleged in the first cause of action that on November 26, 1933, at about 6:30 p.m., the plaintiff and

her husband were riding in an automobile driven by the husband in a southerly direction along a hard-surfaced highway which extends from Malad, Idaho, to Garland, Utah; that the automobile was properly equipped with headlights and brakes; that it was owned jointly or as community property by plaintiff and her husband. At some time during the early evening of that day "the defendant unlawfully, wilfully, maliciously, carelessly, and negligently, and with wanton disregard to the rights of others, parked his Chevrolet truck * * * loaded with produce, on the pavement of said highway, * * * at a point five miles north of Garland, Utah"; that defendant's truck was so parked "as to obstruct the view and traffic of the traveling public, without lights thereon, or without giving any warning to the traveling public that said truck was so parked on the pavement of said highway"; that while plaintiff's husband was so lawfully and at a moderate rate of speed driving the automobile in which she was riding, it struck the rear end of defendant's truck, resulting in plaintiff being seriously injured; "that immediately prior to said accident and collision the brilliant lights from a car coming from the opposite direction completely blinded and destroyed the vision of the plaintiff and her husband and destroyed the effects of the lights on their own car so that they were unable to see the defendant's truck parked upon said highway as aforesaid; that upon passing said automobile there was instant period of darkness which also destroyed the vision of the plaintiff and her husband, Jesse H. Nielsen, and rendered it wholly impossible for them to see defendant's truck, or any object, ahead of them; that during said period of darkness said collision took place and the accident occurred." The nature and extent of the injuries sustained by plaintiff and the amount of medical and hospital expenses incurred by her as the result of her injury are also alleged in the complaint. The allegations of the second cause of action with respect to the alleged negligence of the defendant are the same as in the first. It is also alleged in the second cause of action that prior to the bringing of

the action plaintiff's husband assigned to her all of his right and interest in the action. Damage to the automobile was also alleged.

No claim is made that the allegations of the complaint failed to allege sufficient facts to charge defendant with negligence. If such a claim were made, it could not successfully be maintained. The court below sustained the demurrer because the complaint affirmatively shows that plaintiff was guilty of contributory negligence "as a matter of law in driving faster than she could stop in the distance she could see." Apparently the learned trial judge misconceived some of the allegations of the complaint. It is affirmatively alleged in both causes of action that Jesse H. Nielsen, husband of plaintiff, was driving the automobile at the time complained of.

"There are two essential elements in contributory negligence: (1) Negligence for which plaintiff is responsible. (2) Causal connection between such negligence and the injury complained of." 45 C. J. 943.

The case of *Fox* v. *Lavender*, 89 Utah 115, 56 P. (2d) 1049, 1060, is authority for the doctrine that:

"If two or more joint owners are in the car, they will be presumed, without more shown, to have joint right of control and therefore the driver will be presumed to be driving for himself and as the agent of the other present joint owners."

The allegations of plaintiff's complaint brings her within the foregoing rule. She alleged that at the time complained of she was riding in an automobile jointly owned by her and her husband. The automobile was being driven by her husband. Nothing is alleged in the complaint which takes her out of the general rule. Under the facts alleged by her she was responsible for the negligence, if any, of her husband.

In reaching the conclusion that the complaint affirmatively shows that the driver of the automobile was negligent at the time of the accident, reliance was had by the

court below on the doctrine announced in the following cases: *O'Brien* v. *Alston*, 61 Utah, 368, 213 P. 791; *Nikoleropoulos* v. *Ramsey*, 61 Utah 465, 214 P. 304, 306; *Dalley* v. *Mid-Western Dairy Products Co.*, 80 Utah, 331, 15 P. (2d) 309. In the O'Brien Case, supra, it was held that O'Brien was, as a matter of law, guilty of contributory negligence when he was driving an automobile at a speed of 27 miles an hour over a public highway which he knew was being constructed and failed to see a barricade across the highway until too late to avoid the accident complained of. In the Nikoleropoulos Case, supra, it was held that plaintiff was entitled to have the jury instructed that

"it is negligence as a matter of law for a person to drive an automobile upon a traveled public highway, used by vehicles and pedestrians, at such a rate of speed that said automobile cannot be stopped within the distance at which the operator of said car is able to see objects upon the highway in front of him."

In the case of *Dalley* v. *Mid-Western Dairy Products Co.*, supra, it was held that a nonsuit was properly granted on the grounds of contributory negligence where the plaintiff, while driving an automobile at night along a straight level highway without anything to obstruct his view or detract his attention, ran into a truck without a tail-light parked on the highway. None of the cited cases are controlling of the case in hand. The complaint here questioned is silent as to whether the highway near where the truck was parked is straight or crooked, level, or otherwise. If the truck could not, because of some obstruction, be seen as plaintiff and her husband approached it prior to the time they were blinded, and if plaintiff's husband was driving at a lawful rate of speed an automobile properly equipped with lights and brakes without any reason to believe the headlights of another automobile would suddenly or unexpectedly blind him, that while so blinded the collision occurred without time for him to reduce his speed or stop his automobile, the rule announced in the cases relied upon by defendant and heretofore cited in this opinion would not apply. Under such

circumstances it may not be said that plaintiff's husband was, as a matter of law, guilty of contributory negligence. 3-4 Huddy Cyclopedia of Automobile Law (9th Ed.) p. 59, § 30 and cases there cited. Thus no facts are alleged which show that either plaintiff or her husband was guilty of contributory negligence. Evidence properly admissible under the complaint may show that plaintiff and her husband were free from negligence proximately contributing to the injuries and damage complained of.

The court below was in error in sustaining the demurrer to the complaint and dismissing the action. The judgment is reversed. This cause is remanded to the district court of Box Elder county, with directions to reinstate the case and overrule the demurrer. Appellant is awarded her costs on appeal.

FOLLAND, EPHRAIM HANSON, MOFFAT, and WOLFE, JJ., concur.