## WRIGHT v. MAYNARD.

No. 7566.　Decided October 2, 1951.　(235 P. 2d 916.)

See 61 C. J. S., Motor Vehicles, sec. 522. Pedestrian darting in front of vehicle. 5 Am. Jur., Automobiles, secs. 195 et seq.; 113 A. L. R. 528.

*Moreton, Christensen & Christensen,* Salt Lake City, for appellant.

*McCullough, Wilkinson & Boyce,* Salt Lake City, for respondent.

WADE, Justice.

This is an appeal from a directed verdict in favor of the plaintiff, Marion O. Wright, the respondent herein, in his suit for damages for injuries sustained when Theron W. Maynard, the appellant herein, drove his car into him. The question of damages only was submitted to the jury.

Viewing the evidence in the light most favorable to appellant since the court directed a verdict against him, the record discloses that about 6:30 p. m. on January 14, 1949, appellant was driving his Dodge automobile in which he had five guests in a northerly direction on Highway 91 through the City of Orem. The road was covered with glare ice and was very slick and slippery. The night was clear and there were no obstructions to vision. Appellant was traveling between 25 and 30 miles an hour when he rounded a slight bend in the road in the northern outskirts of Orem. After he rounded this bend, his lights disclosed an unlighted car protruding into the highway on the side on which he was traveling and a man in white coveralls standing next to it waving at him. Appellant immediately applied his brakes but on account of the ice his car commenced sliding directly towards the other car

and the man standing by its side, whereupon appellant swerved his car on to the shoulder east of the highway and to the east of the stalled car. Just as he did this, respondent jumped to the east in front of appellant's car and was hit. Appellant's car traveled about 52 feet after it left the pavement and came to stop in a snowbank. This was a two-laned highway and its paved portion was 27 feet wide including 4-foot paved shoulders on each side. On the night in question, the shoulders east of the pavement had been cleared of snow for about 10 or 15 feet. The unlighted car, a light gray or tan 1939 Ford Sedan, which was obstructing the east side of the paved portion of the highway belonged to an employee of respondent and had been driven out of a driveway adjoining respondent's home and a garage operated by respondent. Respondent's home and garage were on the east side of the highway and the garage was at least 250 feet from the bend. Appellant testified he was about 100 feet away when the unlighted car suddenly loomed up in front of him and because of oncoming traffic from the north he turned to the right instead of the left when he thought he would not be able to stop in time to avoid the obstructions.

Did the court err in ruling as a matter of law that appellant's negligence was the proximate cause of the accident? In *Dalley* v. *Midwestern Dairy Products Co.,* 80 Utah 331, 15 P. 2d 309, 310, a case in which the plaintiff ran into a truck parked on the highway without lights, this court declared that it was the established law of this state, quoting from *Nikoleropoulos* v. *Ramsey,* 61 Utah 465, 214 P. 304:

"'That it is negligence as matter of law for a person to drive an automobile upon a traveled public highway, used by vehicles and pedestrians, at such a rate of speed that said automobile cannot be stopped within the distance at which the operator of said car is able to see objects upon the highway in front of him.'"

In the *Nikoleropoulos* case, this court held it was error to refuse an instruction in the language just quoted above

where the evidence disclosed that the driver of the car was unable to see a pedestrian six feet in front of his car and therefore ran into him because he was unable to stop in time. As was pointed out by this court in *Horsley* v. *Robinson*, 112 Utah 227, 186 P. 2d 592, the defendant in the *Nikoleropoulos* case was held to be guilty of negligence as a matter of law because he was unable to avoid running the plaintiff therein down in the distance he became visible to defendant in his car lights. In the *Dalley* case, the accident also happened because the driver of the car was unable to avoid colliding with the truck because he did not see it in time to do anything about it. In both these cases, the proximate cause of the injuries sustained was the failure to avoid a collision with a substantial object in the highway.

In the instant case, the facts are different. Although appellant was not able to stop within the distance, he could observe substantial objects in front of him, still he saw them in time and had sufficient control of his car to turn aside and avoid running into them had they remained stationary. Had respondent herein not moved from his position near the door of the stalled car and jumped to the east as appellant swerved his car to the east, appellant would have avoided hitting him. Under such a state of facts, the principles enunciated in the *Nikoleropoulos* and *Dalley* cases do not apply. Even though appellant may have been driving too fast under existing conditions to stop in time to avoid hitting substantial objects disclosed by his carlights had he kept on a straight course, still such inability to stop where he had the ability to avoid a collision with those objects by some other means, such as turning aside, presents a different question from that decided in the two previous cases above referred to. It was a question for the jury to determine whether his inability to stop was the proximate cause of the accident or whether that cause was the unexpected change of position by plaintiff. The court therefore erred in ruling as a matter of law that

appellant's negligence was the proximate cause of the respondent's injuries.

Reversed. Costs to appellant.

McDONOUGH and CROCKETT, JJ., concur.

HENRIOD, J., did not participate.

WOLFE, Chief Justice.

I concur.

As I have stated heretofore, I doubt whether the principles governing the case of *Nikoleropoulos* v. *Ramsey*, 61 Utah 465, 214 P. 304, where the pedestrian was rightly on the highway are the same as those which should govern the facts in *Dalley* v. *Midwestern Dairy Products Co.*, 80 Utah 331, 15 P. 2d 309, where the defendant's truck was wrongly left on the highway unattended and without any warning signals. I am inclined to the view that there were elements in the Dalley case which made it a jury case. Be that as it may, I accept the distinction between the instant case on the one hand and grouping the *Nikoleropoulos* and *Dalley* cases on the other hand for the purpose of establishing a difference in the instant case and the other two cases. It suffices to support a reversal. I therefore concur.