270 P.2d 461

**HODGES v. WAITE.**

No. 8018.

Supreme Court of Utah.

May 14, 1954.

Newel G. Daines, Logan, for appellant.

L. E. Nelson, Logan, for respondent.

NORSETH, District Judge.

This matter is on appeal to this Court from the District Court of Cache County, Utah. The cause was tried by a jury. The jury found in favor of the plaintiff and against the defendant, and assessed damages in favor of the plaintiff in the sum of $309.75.

The defendant assigned as error the following:

1. The Court erred in denying defendant's motion for a directed verdict.

2. The Court erred in denying defendant's motion for judgment notwithstanding the verdict, or in the alternative grant the defendant a new trial.

3. The Court erred in refusing to grant defendant's requested Instruction No. 5.

After a careful consideration of the facts in this case, as presented by witnesses for both the plaintiff and the defendant, it is the opinion of this Court that the District Court did not err in submitting the cause to the jury, and did not commit error in refusing to grant defendant's motion for a directed verdict, or in refusing to grant defendant's motion for a judgment notwithstanding the verdict, or in the alternative refusing to grant the defendant's motion for a new trial. That the District Court did not commit error in refusing to grant defendant's requested Instruction No. 5.

The facts in this case are briefly as follows:

That on December 20, 1951, the defendant had been hunting in the Temple Fork area in Logan Canyon. This Fork is located on the east side of the Logan-Bear Lake Highway. Accompanying the defendant was his son. The defendant was driving a pickup truck, pulling a two-wheeled cattle trailer. The trailer was used for conveying a horse to the hunting area. The weather was cloudy, with intermittent storms. Towards evening of said day the defendant and his son returned to the truck and trailer, and, because of the wet condition of the road where the truck and trailer was parked, the defendant concluded that if he loaded the horse into the trailer there his truck would not pull the loaded trailer. He then decided to drive the truck and the trailer down Logan Canyon onto the main highway, and there load the horse in the trailer. The Logan-Bear Lake Highway runs in a northeasterly and southwesterly direction, is an oiled highway, and at the point of the accident is approximately 20 feet wide, with a two-foot shoulder on the west and a six or seven-foot shoulder on the east, making a total of 28 feet covering the surface of the road. The defendant stopped his truck at a point approximately 65 feet west of the point where the Temple Fork Road intersects with the Logan-Bear Lake Highway. The boy followed his father, riding the horse, and the father prepared the trailer by lowering the end-gate so that the horse could be loaded into the trailer.

The plaintiff in the case was driving his truck down Logan Canyon on the main highway mentioned, and was travelling at a

154

speed of approximately 30 or 35 miles an hour. The point where the defendant parked his truck was below a curve in the Logan-Bear Lake Highway, and as the plaintiff came around this turn he ran into the trailer of the defendant. The impact of the collision resulted in damages to the truck of the plaintiff and to the trailer and truck of the defendant.

There is some evidence in the case that the plaintiff was only using dimmer lights, and that by reason thereof his visibility was limited to 40 or 50 feet in front of him. The accident occurred in the evening, and it was dark. There is also evidence that there was ample room for the plaintiff to have gone around the defendant's truck and trailer on the left, and, had he done so, the collision would have been avoided. The evidence also discloses that the left wheels of both the defendant's truck and trailer were upon the oiled surface of the Logan-Bear Lake Highway.

The plaintiff's testimony is in substance as follows:

That as he drove his truck around the curve in the road he saw the defendant's truck and trailer, but was unable to avoid the collision because of the curve in the road obstructing his view; that he did swerve his truck to the left, but could not avoid striking the rear of the trailer. The evidence further shows that it was the left end of the defendant's trailer which was struck, and it was the right front end of the plaintiff's truck which was damaged.

The jury determined from the facts in this case that the proximate cause of the accident was occasioned by the negligence of the defendant, by reason of the fact that he had stopped and parked his truck and trailer upon the Logan-Bear Lake Highway below a curve in said highway, which obstructed the view of motorists travelling down the canyon, and this factor alone was the sole proximate cause of the accident.

The jury, in the written instructions received from the Court, was specifically asked the following questions: "Was the defendant negligent?" The jury answered yes. "Was that negligence the proximate cause of the injury to the plaintiff? A. Yes. Was the plaintiff negligent? A. No. Did the negligence of the plaintiff constitute in any degree a proximate cause of the accident?" To which the jury answered no. So it becomes apparent that the jury, after hearing the evidence in the case, concluded that the accident which occurred was through the negligence of the defendant, and that this negligence alone caused the accident.

The record shows further that a conversation took place immediately following the accident between the plaintiff and the defendant, as follows: Mr. Waite said to the plaintiff: "Couldn't you see me?" "If you had just been a minute later we would have been gone. We were just ready to leave." The plaintiff answered: "No, you didn't give me a chance to see you. You never had any warning." Such statements

on the part of the defendant clearly shows that the defendant knew of the danger created by stopping his truck and trailer at the place of the accident.

This Court believes that the Instructions given by the Trial Court were sufficient to charge the jury as to the law applicable in this case, and we are of the further opinion that it would have been erroneous on the Court's part to have given defendant's requested Instruction No. 5, for the reason that had the Court done so the Court would have in reality instructed the jury to find in favor of the defendant and against the plaintiff.

The defendant in this case, in support of his position, relies on the Utah cases Nikoleropoulos v. Ramsey, 61 Utah 465, 214 P. 304; Dalley v. Midwestern Dairy Products Co., 80 Utah 331, 15 P.2d 309; and Wright v. Maynard, Utah, 235 P.2d 916. After a review of the decisions in these cases, we conclude that the law enunciated there, as a hard and fast rule, does not apply in the instant case. In Dalley v. Midwestern Dairy Products Co. the facts disclose that the defendant's truck was parked upon the highway in the nighttime, which highway was straight, unobscured for over a mile, there were no curves, and no canyon highway was involved. In Wright v. Maynard, this Court held that the District Court committed error in directing a verdict in favor of the plaintiff, and held further that it was a question for the jury whether defendant's inability to stop his automobile was the proximate cause of the accident.

We are inclined to follow the law enunciated by this Court in the case of Trimble v. Union Pacific Stages, 105 Utah 457, 142 P.2d 674, and we believe the rule laid down in said case is applicable to the situation and the facts in the instant case. In this case this Court said: "Where automobile in which plaintiffs' decedent was riding had been pulled onto the highway after sliding off the slippery pavement in a dense fog, at night, and, while parked on left shoulder of highway without lights burning, the automobile was struck by a bus, the bus driver was not negligent as a matter of law", but a question of fact existed.

Therefore, we conclude and hold that the verdict of the jury in this case should be upheld, and the judgment is hereby affirmed. Costs to respondent.

McDONOUGH, C. J., and CROCKETT and WADE, JJ., concur.

HENRIOD J., concurs in the result.

WOLFE, C. J., being disqualified, did not participate herein.