282 P.2d 341

**TAKATARO SHIBA, Miyoe Shiba, Plaintiffs and Appellants,**

**v.**

**John WEISS, Henry D. Spencer and Helen Bethers, Defendants and Respondents.**

**No. 8247.**

Supreme Court of Utah.
April 19, 1955.

W. D. Beatie, Salt Lake City, for appellant.

Stewart, Cannon & Hanson, Ernest F. Baldwin, Jr., Salt Lake City, for respondent.

WADE, Justice.

Takataro Shiba and Miyoe Shiba appeal from a judgment dismissing upon the merits their action for the death of their son, Yoshiro George Shiba, in an automobile accident involving three vehicles.

The accident occurred about 5:40 A.M. on Oct. 19, 1953, on Highway 40 a few miles west of Strawberry Reservoir. Highway 40 is a 22 feet wide hard-surfaced road with three feet shoulders on each side. It runs in a general east and west direction and at least within a half mile of the vicinity where the accident occurred is fairly straight and level in either direction with no obstructions to the vision. The car in which Shiba was found had been trav-

eling east when it ran into a truck which had also been traveling in the same direction and which because of a sudden failure of its lights had just been parked partly off the highway on the right shoulder. After the car hit the truck it careened onto the left side of the highway where it was struck by a westbound car being driven by respondent Helen Bethers.

As a result of these collisions the truck was hurtled about 65 feet into a borrow pit and the westbound car was pushed back at least a car length. Miss Bethers was injured and the owner of the car she was driving and who at the time of the accident was riding in the back seat was killed as were the occupants of the car in which Shiba was found. Shiba was found slumped on the seat behind the steering wheel with his head resting against the floorboard of the car and his companion Shimoda, who was the owner of the car, was found hanging somewhere between the windshield upright and the open door of the right hand corner of the car which had been torn away.

The court found that the evidence showed as a matter of law that Yoshiro George Shiba negligently drove the car into the truck and dismissed appellants' action against the respondents herein.

The accident having occurred on a stretch of highway which was straight and level for at least a distance of about ½ mile west of the point where the collisions occurred and there being no evidence of any obstructions to the view of the driver, the facts in the instant case are very similar to those in Dalley v. Midwestern Dairy Products Co., 80 Utah 331, 15 P.2d 309, where this Court held that the driver of a car which ran into a parked truck under such conditions was negligent as a matter of law. Though the doctrine announced in that case has been criticized, there is present in the instant case the additional evidence from the physical facts that the Shimoda car was traveling at an excessive rate of speed. Appellants do not contend that if Yoshiro George Shiba had been the driver of the car the court erred in applying the principles of that case but contend it erred in failing to submit to the jury the question of whether Yoshiro George Shiba was the driver of the car.

■ There was no direct testimony as to who was the driver of the Shimoda car. The only evidence presented was the positions in which the bodies were found a short time after the accident and a hearsay statement by a witness attributed to a deer hunter who appeared on the scene shortly after the accident and who after borrowing a flashlight from the witness and probably looking around said: "there was a fellow in the back dead." The witness did not see at what declarant was looking nor where. When the witness arrived at the scene of the accident he had seen the body of Shimoda hanging out of the car

and this sight made him ill and he avoided looking at the car and its contents thereafter. From the remark quoted above the witness assumed that the declarant was referring to someone in the back seat of the Shimoda car although no reference was made to a back seat or to any particular car. The witness admitted on cross examination that he did not know whether declarant had flashed the light on the Shimoda or Bethers car and that it was possible the declarant could have been referring to the body in the car which had been driven by Miss Bethers when he made the statement.

█ Assuming this statement was admissible as an exception to the hearsay rule because it was "A statement (a) which the judge finds was made while the declarant was perceiving the event or condition which the statement narrates, describes or explains," A.L.I. Uniform Rules of Evidence, Rule 63, (4) (a), still in view of where Shiba's body was found and the ambiguity as to whom the statement referred, the evidence was not such that it could be reasonably inferred therefrom that Shiba was not the driver of the car. In fact, it would be unreasonable to find that someone had moved Shiba's body and placed it behind the steering wheel where a driver of a car would normally be. The court therefore did not err in finding as a matter of law that Shiba negligently drove the car into the truck and dismissing the action on its merits.

Affirmed. Costs to respondents.

McDONOUGH, C. J., and CROCKETT, HENRIOD, and WORTHEN, JJ., concur.