316 P.2d 319

Raymond HIRSCHBACH, Plaintiff and Appellant,

v.

DUBUQUE PACKING CO., a corporation, and Gifford-Wilson, Defendants and Respondents.

No. 8661.

Supreme Court of Utah.

Oct. 11, 1957.

Skeen, Worsley, Snow & Christensen, Salt Lake City, for appellant.

Moreton, Christensen & Christensen, James A. Murphy, Salt Lake City, for respondents.

WADE, Justice.

Raymond Hirschbach, appellant herein, brought this suit to recover damages to a vehicle and cargo caused by a collision between that vehicle and a parked motor vehicle belonging to respondents. This appeal is from a summary judgment based on the pleadings, answer to interrogatories and an affidavit supplied by appellant.

The collision occurred in the nighttime, about September 5, 1955, on U. S. Highway 40-50, about four miles west of Knolls, Utah. It is a two-laned highway separated by a painted line. It is straight and level and in good condition. Just prior to the collision the driver of appellant's vehicle was traveling west at about 40 miles per hour. The visibility was good and the driving lights on his vehicle were sufficient to disclose vehicles at a distance of at least 350 feet and the lights as well as the brakes were functioning properly. Appellant's driver observed the tail lights on respondents' truck and trailer in sufficient time to have stopped and avoided a collision but he did not do so because he was under the mistaken impression that respondent's vehicle was moving in the same direction that he was, and by the time he discovered it was parked he could not avoid the collision.

The lower court granted the summary judgment on the ground that under the rule announced in Dalley v. Mid-Western Dairy Products Co., 80 Utah 331, 15 P.2d 309, appellant's driver was guilty of negligence which proximately contributed to the accident as a matter of law because he was driving in such a manner that he failed to stop or act to avoid the collision within the distance the law requires his lights to show substantial objects in front of him. We agree.

Appellant argues that the facts in this case are different than those in the Dalley case because in that case the struck vehicle did not have its lights on whereas in the instant case respondents' vehicle had its lights on which tended to confuse appellant's driver and to mislead him into believing there was a moving vehicle ahead of him and not one that was parked, and

that under such circumstances it should be a question of fact for the jury to determine whether appellant was negligent. To so hold would be to say that it is more dangerous to leave a lighted parked vehicle on a road than an unlighted object. With this we cannot agree. The duty and opportunity of a driver of a vehicle on the highway is usually fully as great to avoid running into a vehicle which is moving in the same direction as it is where such second vehicle is parked on the highway. The fact that the tail lights were burning would clearly increase the opportunity of the driver of the oncoming vehicle to discover, evaluate the situation and avoid running into a vehicle which was parked on the highway in front of him. While we may doubt the correctness of the holding in the Dalley case, as a number of opinions of this court have indicated,[1] we find no such doubt that the plaintiff in this case was negligent as a matter of law. The lights should have warned him there was an object in front which would have to be avoided and he should have driven in such a manner and at a rate of speed that he could have avoided a collision at any time.

Affirmed. Costs to respondents.

McDONOUGH, C. J., and HENRIOD, J., concur.

CROCKETT and WORTHEN, JJ., concur in the result.

[redacted]

1. The Dalley case was decided by only 3 judges concurring; Justice Straup wrote a vigorous dissent, which was concurred in by Ephraim Hanson. In the following cases doubt of the correctness of the Dalley case decision is indicated: Hansen v. Clyde, 89 Utah 31, 42, 56 P.2d 1366, 1371, 104 A.L.R. 943; Moss v. Christensen-Gardner, Inc., 98 Utah 253, 98 P.2d 363; Bullock v. Luke, 98 Utah 501, 511, 98 P. 2d 350, 354; Wright v. Maynard, 120 Utah 504, 506, 508, 235 P.2d 916, 917; Takataro Shiba v. Weiss, 3 Utah 2d 256, 258, 282 P.2d 341, 342; Fretz v. Anderson, 5 Utah 2d 290, 299, 300 P.2d 642, 648.