358 P.2d 348

**FEDERATED MILK PRODUCER'S ASSO-CIATION, INC., a corporation, Plaintiff and Respondent,**

v.

**STATEWIDE PLUMBING AND HEATING COMPANY, a corporation, Defendant and Appellant.**

No. 9214.

Supreme Court of Utah.

Jan. 9, 1961.

Callister, J., dissented.

Skeen, Worsley, Snow & Christensen, Salt Lake City, for appellant.

Hurd, Bayle & Hurd, Salt Lake City, for respondent.

WADE, Chief Justice.

Defendant, Statewide Plumbing and Heating Co., appeals from a judgment on a jury verdict in favor of plaintiff, Federated Milk Producers Association, Inc. for accidental damage to a large milk truck which turned over after running into a windrow of dirt piled by Statewide in laying a sewer on the east half of Redwood Road at Number 8708 South. The accident occurred after 2 a. m., before daylight, in the morning of June 13, 1958, while the truck was traveling north in its righthand traffic lane shortly after passing a southbound vehicle which dimmed its lights.

Defendant Statewide claims two grounds for reversal: (1) Plaintiff Federated's driver was negligent as a matter of law in driving the truck after dark at a speed at which the truck could not be stopped within the distance that substantial objects could be seen. (2) The court erred in commenting on the evidence in its jury instructions.

(1) Plaintiff was not negligent as a matter of law.

Plaintiff's truck was driven on Redwood Road from south of the intersection with 90th South Street north to about 8708 South where the accident occurred. It was a dark night. Every other utility pole on the west side of Redwood Road had a small electric light, and at 90th South a large luminated sign five feet long by 30 inches wide with the words, "Construction Zone" faced the northbound traffic on the southeast corner of

that intersection. To the north and off the east side of Redwood Road, about two tenths of a mile, or 1,056 feet south of where the accident occurred, were two other smaller signs resting on the ground reading "Construction Zone" and "One Lane Traffic." On the ground near these signs was a small flare-lighted torch. There was nothing to interfere with the northbound traffic which could be seen at these signs. At the place of accident was a large trenching machine; the east side thereof was on the east shoulder of the road and the rest of the machine in the east traffic lane of Redwood Road. For 165 feet north this machine had dug a sewer trench east of the road piling a windrow of dirt, so that it covered most of the east traffic lane and reached a height of four to five feet. At the time of the accident there were oil burners south of the end of this windrow and on top of it, but none of them were lighted. The posted speed limit was 40 miles per hour, and until the driver saw the obstructions after passing the headlights, the truck was traveling 30 to 35.miles per hour. At that time the driver applied his brakes, reducing his speed to from three to five miles per hour and attempted to turn the truck toward the west around the windrow of dirt. The right wheels of the truck struck the windrow of dirt and the truck rolled over with the bottom side up.

■ Contributory negligence as a matter of law relied upon by defendant [1] is shown only when the evidence to that effect is so conclusive that when considered with all reasonable inferences in the light most favorable to plaintiff it would be unreasonable to find otherwise.[2] The Dalley case rule on which defendant relies requires a showing from which "it must inevitably follow that plaintiff did not keep a lookout ahead, or * * * he * * * did not heed what he saw or he could not see the truck (windrow of dirt) because his lights were not such as were prescribed by law." [3] In many cases we have followed this rule [4] but have often

1. O'Brien v. Alston, 1923, 61 Utah 368, 213 P. 791; Nikoleropoulos v. Ramsey, 1923, 61 Utah 465, 214 P. 304; Dalley v. Mid-western Dairy Prod. Co., 1932, 80 Utah 331, 15 P.2d 309, 311.
2. Lovett v. Continental Bank & Trust Co., 1955, 4 Utah 2d 76, 78, 80, 286 P.2d 1065, 1066 to 1068.
3. Dalley v. Mid-Western Dairy Prod. Co., 80 Utah 331, 338, 15 P.2d 309, 311.
4. Hansen v. Clyde, 89 Utah 31, 56 P.2d 1366, 104 A.L.R. 943, to the contrary see dissenting opinion at page 39 of Utah Reports and at page 1369 of Pacific Reporter; Neilsen v. Watanabe, 90 Utah 401, 62 P.2d 117; Olson v. Denver & R. G. W. R. Co., 98 Utah 208, 98 P.2d 944; Nuttall v. Denver & R. G. W. R. Co., 98 Utah 383, 99 P.2d 15; Horsley v. Robinson, 112 Utah 227, 186 P.2d 592; Hickman v. Union P. R. Co., 117 Utah 136, 213 P.2d 650; Takataro Shiba v. Weiss, 3 Utah 2d 256, 282 P.2d 341; Benson v. Denver & R. G. W. R. Co., 4 Utah 2d 38, 286 P.2d 790; Hirschbach v. Dubuque Packing Co., 7 Utah 2d 7, 316 P.2d 319.

questioned it,[5] and sometimes held it inapplicable to the facts shown.[6] Thus in Moss v. Christensen-Gardner [7] with smoke and mist and the headlights of an approaching car, Neilsen v. Watanabe [8] with sudden headlights, Trimble v. Union Pacific Stages [9] with heavy fog, and Fretz v. Anderson [10] with headlights and a wrecked car on opposite sides of the road, where the facts were somewhat similar to the facts in the present case, we held this doctrine inapplicable. See also Frowd v. Marchbank [11] holding plaintiff is not required to stop in the face of approaching headlights because this would stop all traffic.

The unseeability of substantial objects on the highway in time to avoid an accident may depend on many things other than inattention, faulty headlights, or failure to give heed to what was there to be seen. A sudden heavy smoke, fog, snow or rain storm, lightning or approaching headlights or a combination of some or all of these elements, coupled with the negligence of the other party, may make an accident unavoidable regardless of how alert and competent a driver is or how well equipped his car is with brakes, lights and other necessary appliances. The visibility of substantial objects may depend on their size, shape, color or whether they absorb or reflect light or blend with or stand out in contrast to the background. To be alert to all surrounding conditions, to have good eyesight, to have proper headlights and brakes and to keep the vehicle under relatively safe control are all very important, but under some circumstances all of these things are not sufficient to enable a reasonably prudent driver to avoid an accident.

Here on a dark night while driving at a moderate rate of speed plaintiff's truck driver encountered the dimmed headlights of an approaching car which substantially in-

5. Dalley v. Mid-Western Dairy Prod. Co., note 1, was a three-two decision with a strong dissent by Justice Straup. See also Hansen v. Clyde, 89 Utah 31, 42, 56 P.2d 1366, 1371, 104 A.L.R. 943; Moss v. Christensen-Gardner, Inc., 98 Utah 253, 98 P.2d 363; Bullock v. Luke; 98 Utah 501, 511, 98 P.2d 350, 354; Wright v. Maynard, 120 Utah 504, 506–508, 235 P.2d 916, 917; Takataro Shiba v. Weiss, 3 Utah 2d 256, 258, 282 P.2d 341, 342; Fretz v. Anderson, 5 Utah 2d 290, 299, 300 P.2d 642, 648.

6. Moss v. Christensen-Gardner, Inc., supra, note 5 supra; Trimble v. Union Pacific Stages, 105 Utah 457, 142 P.2d 674; Wright v. Maynard, 120 Utah 504, 235 P.2d 916; Hodges v. Waite, 2 Utah 2d 152, 270 P.2d 461; Fretz v. Anderson, 5 Utah 2d 290, 300 P.2d 642.

7. Moss v. Christensen-Gardner, note 5, supra.

8. Neilsen v. Watanabe, note 4, supra.

9. Trimble v. Union Pacific Stages, note 6, supra.

10. Fretz v. Anderson, note 6, supra, see also Annotation 22 A.L.R.2d 297, and Frowd v. Marchbank, 154 Wash. 634, 283 P. 467.

11. Frowd v. Marchbank, note 10, supra.

terfered with his ability to discern objects on the highway beyond such headlights. The dimness or brightness of these headlights was not so important as the effect they and other circumstances had on the driver's ability to see objects beyond. Immediately after the approaching headlights were gone the truckdriver saw the large trenching machine on the east side of the road with the somewhat obscured end of the windrow of dirt to the west of it within 75 to 100 feet away. He claims that he immediately applied his brakes and tried to turn the truck to the west to avoid the accident. He reduced his speed to from three to five miles per hour, but his right wheels ran into the windrow and the truck rolled over onto its top. The dirt was low on the ground, it blended with the background and absorbed and did not reflect the light, making the driver's vision of such dirt indistinct and difficult to avoid. Under these facts and circumstances defendant has failed to make a showing that a refusal to find that plaintiff's driver did not use due care to avoid this accident would be unreasonable. So a question of fact for the jury on this issue was presented and not one of law for the court.

Another question presented is whether the truck driver's failure to see the warning signs off the side of the road before the accident shows the plaintiff was guilty of contributory negligence as a matter of law. This fact suggests that maybe with more attention to the road or a reduced speed or both, this accident might have been avoided. However, from a careful consideration of all of the surrounding facts and circumstances, and especially since there was no evidence of any immediate hazard near these signs, and the smaller signs nearest where the accident occurred were near the ground and on the side of the road without too much light, establishes a reasonable basis for the jury's refusal to find the plaintiff guilty of contributory negligence and refutes the suggestion that plaintiff was guilty of negligence as a matter of law.

(2) The trial court did not erroneously comment upon the evidence. Defendant contends that the court's instructions "that everyone who has driven an automobile in the nighttime, and every observant person who has ridden in an automobile in the nighttime, and has met an oncoming automobile with burning lights knows that the lights obscure objects behind them for a considerable distance before the automobile is reached until a time after its lights are passed; * * *" was a comment on the evidence and an expression of the court's opinion of the facts contrary to Rule 51, U.R.C.P.

We recognize that a trial judge should not comment on the evidence or ex-

press his opinion on any genuine issue of fact.[12] The statement quoted from the instructions which defendant complains of is taken from the Frowd case [13] as quoted in the Fretz case [14] and is an accurate statement of facts which are susceptible of judicial knowledge as a matter of law. This was a recital of a fact about which there was no substantial issue as a background to the court's instruction, and since it was enlightening to the jury in understanding the instructions, the court did not err in making such comment.

Affirmed. Costs to respondent.

McDONOUGH and CROCKETT, JJ., concur.

HENRIOD, Justice (concurring).

I concur, for one reason, that it is not clear whether the driver of plaintiff's truck saw or should have seen the two signs. One kerosene torch, I am satisfied, would not illuminate two signs which were 18″ x 40″ and off the highway, sufficiently to make them readily readable. The fact that a police officer could read them apparently was because of his headlights and not because of the torch. There is no indication as to the comparative strength of the officer's headlights and those of the truck. Had the officer's headlights been on the bright beam and the truck's on dim, considerable variation in visibility on this dark night might prevail. I do not believe the jury should be charged with an imputation that because one person's headlights made visible an object on the side of a road on a dark night that the same would be true of another person's headlights. Furthermore it appears that the truckdriver had travelled this road periodically. It is significant that the trenching operation was moving south and it is reasonable to believe that a reasonable person may have believed it had not moved so far south and relied entirely on the torches that theretofore had warned of the south-shifting windrows, and that the fact of their absence on this particular night reasonably may have lulled the driver into a false sense of security that well might insulate him against contributory negligence in the jury's estimate.

CALLISTER, Justice (dissenting).

I dissent. The evidence is uncontradicted that the warning signs were posted and visible. The investigating officer, who approached the scene of the accident from the

12. Fox v. Taylor, 10 Utah 2d 174, 350 P. 2d 154.
13. Frowd v. Marchbank, note 10, supra.

14. Fretz v. Anderson, notes 5 and 6, supra.

south shortly after its occurrence, testified that he saw the two signs reading "Construction Slow" and "One Way Traffic." He stated that he was able to readily read these signs and had to drive around them.

The driver of plaintiff's tank truck did not testify that the signs were not visible, but only that he did not remember having seen them.

It would seem that this failure to see that which was plainly there for any driver using minimal care to observe was negligence.[1] A person must be held to have seen adequate signs on a highway which would warn the ordinarily prudent driver of highway conditions, so as to require him to govern the operation and speed of his motor vehicle accordingly.[2]

In the instant case, plaintiff's driver did not slacken the speed of the truck or exercise a greater degree of care than usual after passing the warning signs. He should have had the truck under such control that he could bring it to a stop before striking the pile of dirt.[3]

The plaintiff's driver either failed to look, or having looked, failed to see what he should have seen.

1. Andersen v. State, 282 App.Div. 119, 121 N.Y.S.2d 678; see Mingus v. Olsson, 114 Utah 505, 201 P.2d 495.
2. Stalker v. State, 206 Misc. 912, 135 N.Y.S.2d 160.

3. 5A Blashfield, Cyc. of Automobile Law, p. 406.