394 P.2d 879

**Phoebe H. DURRANT, Plaintiff and Respondent,**

**v.**

**Nancy PELTON, Defendant and Appellant.**

**No. 10082.**

Supreme Court of Utah.

Aug. 13, 1964.

Clyde, Mecham & Pratt, Frank J. Allen, Salt Lake City, for appellant.

Strong & Hanni, Lawrence L. Summerhays, Salt Lake City, for respondent.

CALLISTER, Justice.

On March 11, 1963, between 5:20 and 6:00 p. m., during a snowstorm, a car driven by defendant Pelton ran into the rear end of plaintiff's car which was stalled in the outside lane of the two southbound lanes of a four-lane highway. Plaintiff had been traveling along the inside lane of the highway when her car began to sputter. She began pulling over towards the outside of the road. When her car stopped it was someplace close to the outside shoulder of the road but still obstructing at least part of the outside lane of the highway. There is conflicting testimony concerning how hard it was snowing, how dark it was, and what effect opposing traffic had on the defendant at the time of the accident. For our purposes it is sufficient to say that even considering the testimony in the light most favorable to the plaintiff,[1] who was the

1. Nyman v. Cedar City, 12 Utah 2d 45, 361 P.2d 1114 (1961).

prevailing party below, the trial court erred in not "permitting the jury to determine, in the light of existing conditions, what a reasonable and prudent person would do under the circumstances."[2] Instead, in instructing the jury, the trial court said:

> "You are instructed that there was a duty on the part of the defendant to keep her vehicle *always under control so as to avoid an accident.* She had no right to assume that the road was clear but under *all* circumstances and at *all* times she was required to be vigilant and to anticipate and expect the presence of other vehicles upon the highway. The test of control is the ability to stop, slow down or turn out quickly and easily. When this result is not accomplished, the inference can readily be made that the vehicle was running too fast or that proper effort to control it was not made. If, therefore, you find from a preponderance of the evidence in this case that at and immediately prior to the time of the accident the defendant did not have her vehicle under proper control, then in that event the defendant was negligent."[3] (Emphasis added.)

In its instructions, the trial court adopted the rule enunciated in Dalley v. Midwestern Dairy Products Co.,[4] where this court held that it was negligence as a matter of law to drive a car at such a speed that the car could not be stopped within a distance at which objects may be seen. The reasoning behind the rule was that the person either did not keep a lookout head, or if he did, he did not heed what he saw, or he could not see because of faulty lights on his automobile. Although the Dalley case dealt with the affirmance of a nonsuit by the trial court, and this case deals with an instruction by the judge, we conclude that the result is the same in both cases. The court is holding, in both cases, that as a matter of law, the motorist must keep his vehicle always under control so as to avoid an accident.

The broad general Dalley rule which initially came from the Ramsey case,[5] has been modified by subsequent cases.[6] It has been held inapplicable where the lights of an oncoming automobile may have suddenly and unexpectedly blinded the driver who then ran into the rear end of a truck parked on the pavement,[7] where an accumulation of smoke and mist on the road and the glare of headlights may have been contributing factors in causing a motorist to overturn while trying to avoid a barricade across

2. Fretz v. Anderson, 5 Utah 2d 290, 299, 300 P.2d 642 (1956).
3. Instructions to the jury. Instruction No. 6.
4. 80 Utah 331, 15 P.2d 309 (1932).
5. Nikoleropoulos v. Ramsey, 61 Utah 465, 214 P. 304 (1923).
6. Fretz v. Anderson, supra note 2.
7. Nielsen v. Watanabe, 90 Utah 401, 62 P.2d 117 (1936).

the highway,[8] where a dense fog was present at night when a bus ran into a car parked partly on the highway,[9] and where a curve in the road obscured the vision of a motorist who, after going around the curve, ran into a trailer which was partly on the road.[10]

We are not holding that a trial court may not ever rule that a person who runs into the rear end of another is negligent as a matter of law. To the contrary, we upheld a trial court ruling that a driver who ran into the rear end of a truck was negligent as a matter of law where the road on which the accident occurred was straight and level and without obstructions and the person was speeding.[11] However, the test "[a]s to what constitutes a proper lookout is usually * * * a latter-day classic question for jury determination, and each trial and appellate court must determine the question as a matter of law only when convinced that reasonable persons could not disagree upon the question when conscientiously applying fact to law." [12] As was said in Federated Milk Producer's Assn. v. Statewide Plumbing and Heating Co.: [13]

> "To be alert to all surrounding conditions, to have good eyesight, to have proper headlights and brakes and to keep the vehicle under relatively safe control are all very important, but under some circumstances all of these things are not sufficient to enable a reasonably prudent driver to avoid an accident."

A *jury should determine* what a reasonable and prudent person would do under the conditions as they existed at the time of the accident.[14]

The jury instruction was erroneous. The case is remanded for a new trial consistent with this opinion. Costs to defendant.

HENRIOD, C. J., and McDONOUGH, CROCKETT and WADE, JJ., concur.

8. Moss v. Christensen-Gardner, Inc., 98 Utah 253, 98 P.2d 363 (1940).
9. Trimble v. Union Pacific Stages, 105 Utah 457, 142 P.2d 674 (1943).
10. Hodges v. Waite, 2 Utah 2d 152, 270 P.2d 461 (1954).
11. Takataro Shiba v. Weiss, 3 Utah 2d 256, 282 P.2d 341 (1955).
12. Covington v. Carpenter, 4 Utah 2d 378, 381, 294 P.2d 788, 789 (1956).
13. 11 Utah 2d 295, 358 P.2d 348 (1961).
14. Fretz v. Anderson, supra note 2.