440 P.2d 257

**Darwin C. FAIRBOURN, Plaintiff and Appellant,**

v.

**Seathel Lavere LLOYD, Defendant and Respondent.**

**No. 11059.**

Supreme Court of Utah.

April 25, 1968.

Don E. Hammill, Murray, Gerald L. Turner, Turner, Turner & Fairbourn, Salt Lake

---

**3.** W. P. Iverson & Co. v. Dunham Manuf. Co., 18 Ill.App.2d 404, 152 N.E.2d 615

(1958); 3 Fletcher Cyclopedia Corporations, pp. 551, 552.

City, Dansie, Ellett & Hammill, Murray, for appellant.

Lawrence L. Summerhays, Salt Lake City, for respondent.

HENRIOD, Justice:

Appeal from a judgment on a jury verdict of no cause of action in a car collision case. Affirmed, with no costs awarded.

On January 21, 1965, plaintiff went south on an arterial highway to an intersection, semaphore controlled. He stopped, and turned right. Defendant was going north on the same highway, and turned left, following plaintiff westward. The highway was covered with packed snow and was very slick. It was dark. Defendant, whose windshield was splashed with water and mud from the arterial highway, made the turn, pumped a mechanical windshield facility to apply water in order to. clear vision obstruction. The windshield wiper took 3 or 4 swipes to improve visibility. In the process, the visibility was improved, but too late to avoid a collision with plaintiff's car. The plaintiff had slowed down, contemplating a left crossroad entrance to his in-laws' driveway;—halfway between two traffic regulated intersections. Defendant took what appears to have been an evasive action, but slid into the right rear end of plaintiff's car, causing damage, and allegedly injured plaintiff's neck area.

Both litigants exhibited remarkable candor in their testimonies and did not hesitate to relate the facts as they saw them, albeit some of such testimony actually was harmful to each's cause.

Appellant urges 1) that as a matter of law, the court should have directed a verdict in his favor because defendant violated a statute[1] and 2) that no reasonable person could conclude other than that defendant, under the facts, could be free from negligence.

As to 2): A unanimous vote of the veniremen did not agree with this contention, nor did the trial court in denying the motion for a directed verdict. The weather was inclement, water and mud had splashed on defendant's windshield, which of necessity required immediate attention. The defendant within seconds, remedied the situation, applied his brakes, but was too late to prevent sliding into the rear end of plaintiff's car. There is at least some significance to the fact that had plaintiff continued on down the highway, without stopping to make a lefthand turn in the middle of the block, this accident no doubt never would have occurred,—all of which is little consolation for the plaintiff. But it seems to us that there were sufficient unusual facts here, including unexpected icy condition, that a fact question was provoked,—to such an extent that the trial court would have

---

1. Title 41–6–62(a), Utah Code Annotated 1953, to the effect that a driver shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of the vehicles and the traffic and condition of the highway.

**64**

invited error had he taken the case from the jury.

As to 1): The statute simply says that one must not follow too closely, "having due regard for the speed * * * and the traffic upon and *the condition of the highway.*" It is noted that both parties turned from an arterial highway that had been processed to eliminate slippage, so that it was not slippery, but slushy, onto a road that was icy and somewhat unpredictable as to ability and time factors relating to braking. Appellant urges that this is the very reason that defendant should have exercised greater caution, and we agree with such principle—but it is for the jury to determine the magnitude thereof. The statute's language itself espouses the reasonable, prudent man doctrine, and in truth invites and demands that some arbiter of the facts determine whether speed, traffic and road conditions were such as to adjudge one as being reasonable or unreasonable,—or, in other words, negligent or non-negligent in a compensable sense. The statute gives no controlling, mathematical formula to test the outcome, but leaves it to the judiciary and/or the venire under its terms to establish the fault of the person involved, or the lack of it.[2]

CROCKETT, C. J., and CALLISTER, J., concur.

ELLETT, Justice (dissenting).

I dissent.

While the trial court properly excluded the issue of contributory negligence from consideration by the jury, yet in my opinion he erred in failing to instruct the jury that the defendant was negligent as a matter of law.

The defendant saw plaintiff turn and go west on 94th South, and almost immediately thereafter he turned and went west also. His windshield was dirty, and he pumped the pedal for the windshield wiper three or four times, and the water on his windshield obscured his vision so that he could not see the road ahead of him. Despite the total loss of vision, he continued to drive without in any manner slowing his movements, knowing that the plaintiff's car was immediately ahead of him. It had been snowing, and the highway was slick. The plaintiff slowed down so as to make a left turn into his father-in-law's place.

The collision occurred 95 paces from the intersection. Assuming 33 inches to a pace, the defendant would have traveled 261 feet

---

**2.** Without committing his concurrents, the author of this opinion suggests that the cases cited by his learned colleague, Mr. Justice Ellett, in his dissent, are inapropos here,—particularly Dalley v. Mid-Western Dairy, which embarrassingly has been watered down by this court so much that it would take a very wee sponge to de-aquatate it completely. See Hirschback v. Dubuque Packing Co., 7 Utah 2d 7, 316 P.2d 319 (1957) and Fed. Milk Prod. Ass'n, Inc. v. Statewide Plumbing & Heating Co., 11 Utah 2d 295, 358 P.2d 348 (1961) and cases therein cited.

from the intersection to the point of impact. He claims he saw the plaintiff's automobile when it was two car lengths ahead of him but could not avoid the collision because of the slickness of the road. It will be noted that he was stopped at the intersection before making the turn and accelerated his car until he was driving 20 miles an hour at the time of the impact.

If someone had suddenly thrown obscuring matter on the defendant's windshield, it would have been his duty to stop or slow down. In this case he himself caused the loss of his vision in the direction he was traveling, and it is difficult to see how he could drive blind for over 200 feet and not be negligent.

O'Brien v. Alston, 61 Utah 368, 213 P. 791, was a case where plaintiff sued for damages to her car. The question was whether the plaintiff was herself guilty of contributory negligence. Quoting from Serfas v. Lehigh, etc., Ry. Co., 270 Pa. 306, 113 A. 370, 14 A.L.R. 791, this court said:

> * * * It is the duty of a chauffeur traveling by night to have such a headlight as will enable him to see in advance the face of the highway and to discover grade crossings, or other obstacles in his path, in time for his own safety, *and to keep such control of his car as will enable him to stop and avoid obstructions that fall within his vision.* (Emphasis added.)

Dalley v. Mid-Western Dairy Products Co., 80 Utah 331, 15 P.2d 309, was a case where plaintiff at night ran into the defendant's unlighted truck which had been parked upon the highway. At the conclusion of the plaintiff's evidence the trial court sustained a motion to dismiss on the ground that the evidence showed as a matter of law that plaintiff was contributorily negligent. In affirming that ruling this court said at page 336 of the Utah Reports, 15 P.2d at page 310:

> In this jurisdiction the doctrine is established "that it is negligence as a matter of law for a person to drive an automobile upon a traveled public highway, used by vehicles and pedestrains, [sic] at such a rate of speed that said automobile cannot be stopped within the distance at which the operator of said car is able to see objects upon the highway in front of him." * * *

Hansen v. Clyde, 89 Utah 31, 56 P.2d 1366, 104 A.L.R. 943, was a case where a guest in a passenger car was injured and sued a road contractor for failing to erect barricades at the beginning of a section of highway under construction. The court said at page 37 of the Utah Reports, 56 P.2d at page 1369:

> When a driver upon a public highway with his light equipment cannot see more than 50 feet ahead of him, it [sic] his duty to drive at such speed as will enable him to stop within that distance. * * *

In the instant case the defendant voluntarily impaired his vision and drove for

some 200 feet at a speed of 20 miles per hour before he could see the road ahead of him. When his windshield became clear and he could see again, he was too close to plaintiff's car to avoid a collision. This is not the case of momentary blindness due to a sudden and unexpected impairment of vision, and in my opinion it amounts to negligence as a matter of law, and the trial court should have told the jury so.

I would remand the case for a new trial.

TUCKETT, J., concurs in the dissenting opinion of ELLETT, J.